IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

AMERICAN UNIVERSITY OF ANTIGUA                                          PLAINTIFFS
COLLEGE OF MEDICINE, et al.

v.                                      4:09CV306 SWW

ARKANSAS STATE MEDICAL
BOARD, et al.                                                            DEFENDANTS

## ANSWER

Pursuant to Rules 12(a) of the Federal Rules of Civil Procedure, defendants Arkansas State Medical Board (the "Board"); Trent Pierce, M.D.; Joseph M. Beck, II, M.D.; Bobby E. Cogburn, M.D.; Anne Britton; Omar T. Atiq, M.D.; Jim C. Citty, M.D.; William F. Dudding, M.D.; Roger Harmon, M.D.; Patty K. Pettway, D.O.; Douglas F. Smart, M.D.; John B. Weiss, M.D.; and Harold B. Betton, M.D. (collectively the "Defendants") submit the following for their answer to the complaint of American University of Antigua College of Medicine ("AUA"), Shreekanth Cheruku, Anjan Patel, Amber Milward and Justin Harney (collectively the "Plaintiffs"), and state:

1. Defendants admit the allegations in paragraph 1 of the Plaintiffs' complaint.

2. Defendants admit the allegations in paragraph 2 of the Plaintiffs' complaint.

3. Defendants deny the allegations in paragraph 3 of the Plaintiffs' complaint.

4. Defendants are without sufficient information to admit or deny the allegations in paragraph 4 of the Plaintiffs' complaint and therefore deny those allegations.

5. Defendants are without sufficient information to admit or deny the allegations in paragraph 5 of the Plaintiffs' complaint and therefore deny those allegations.

6. Defendants are without sufficient information to admit or deny the allegations in paragraph 6 of the Plaintiffs' complaint and therefore deny those allegations.

7. In response to paragraph 7 of Plaintiffs' complaint, Defendants admit that the Board has included AUA on its list of "disapproved medical schools" since 2008. Defendants deny the remaining allegations in paragraph 7 of the Plaintiffs' complaint.

8. Defendants deny the allegations in paragraph 8 of the Plaintiffs' complaint.

9. Defendants deny the allegations in the first sentence of paragraph 9 of the Plaintiffs' complaint. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 9 of the Plaintiffs' complaint and therefore deny those allegations.

10. Defendants admit that because the Board has included AUA on its list of "disapproved medical schools," graduates of AUA cannot obtain a license to practice medicine in the State of Arkansas as long as AUA remains on the list of "disapproved medical schools." Defendants deny the remaining allegations in paragraph 10 of the Plaintiffs' complaint.

11. Defendants deny the allegations in paragraph 11 of the Plaintiffs' complaint.

12. Defendants deny the allegations in paragraph 12 of the Plaintiffs' complaint.

13. Defendants are without sufficient information to admit or deny the allegations of paragraph 13 of the Plaintiffs' complaint and therefore deny those allegations.

14. Defendants deny the allegations in paragraph 14 of the Plaintiffs' complaint.

15. Defendants deny the allegations in paragraph 15 of the Plaintiffs' complaint.

16. Defendants deny the allegations in paragraph 16 of the Plaintiffs' complaint.

17. In response to paragraph 17 of the Plaintiffs' complaint, Defendants acknowledge that the Plaintiffs are seeking injunctive relief, declaratory judgment, compensatory damages, attorneys' fees, expenses and costs; however, Defendants deny that Plaintiffs are entitled to any relief whatsoever.

18. Defendants are without sufficient information to admit or deny the allegations in paragraph 18 of the Plaintiffs' complaint and therefore deny those allegations.

19. Defendants are without sufficient information to admit or deny the allegations in paragraph 19 of the Plaintiffs' complaint and therefore deny those allegations.

20. Defendants are without sufficient information to admit or deny the allegations in paragraph 20 of the Plaintiffs' complaint and therefore deny those allegations.

21. Defendants are without sufficient information to admit or deny the allegations in paragraph 21 of the Plaintiffs' complaint and therefore deny those allegations.

22. Defendants are without sufficient information to admit or deny the allegations in paragraph 22 of the Plaintiffs' complaint and therefore deny those allegations.

23. Defendants are without sufficient information to admit or deny the allegations in paragraph 23 of the Plaintiffs' complaint and therefore deny those allegations.

24. Defendants are without sufficient information to admit or deny the allegations in paragraph 24 of the Plaintiffs' complaint and therefore deny those allegations.

25. Defendants are without sufficient information to admit or deny the allegations in paragraph 25 of the Plaintiffs' complaint and therefore deny those allegations.

26. Defendants admit the allegations in paragraph 26 of the Plaintiffs' complaint.

27. Defendants admit the allegations in paragraph 27 of the Plaintiffs' complaint.

28. In response to paragraph 28 of the Plaintiffs' complaint, Defendants acknowledge that the Plaintiffs are suing each Board member defendant in his or her individual and official capacity; however, Defendants deny that any Defendant is liable to any of the Plaintiffs in any capacity.

29. Defendants deny the allegations in paragraph 29 of the Plaintiffs' complaint.

30. Defendants deny the allegations in paragraph 30 of the Plaintiffs' complaint.

31. Defendants deny the allegations in paragraph 31 of the Plaintiffs' complaint.

32. Defendants deny the allegations in paragraph 32 of the Plaintiffs' complaint.

33. Defendants are without sufficient information to admit or deny the allegations in paragraph 33 of the Plaintiffs' complaint and therefore deny those allegations.

34. Defendants are without sufficient information to admit or deny the allegations in paragraph 34 of the Plaintiffs' complaint and therefore deny those allegations.

35. Defendants are without sufficient information to admit or deny the allegations in paragraph 35 of the Plaintiffs' complaint and therefore deny those allegations.

36. Defendants are without sufficient information to admit or deny the allegations in paragraph 36 of the Plaintiffs' complaint and therefore deny those allegations.

37. Defendants are without sufficient information to admit or deny the allegations in paragraph 37 of the Plaintiffs' complaint and therefore deny those allegations.

38. Defendants are without sufficient information to admit or deny the allegations in paragraph 38 of the Plaintiffs' complaint and therefore deny those allegations.

39. Defendants are without sufficient information to admit or deny the allegations in paragraph 39 of the Plaintiffs' complaint and therefore deny those allegations.

40. Defendants are without sufficient information to admit or deny the allegations in paragraph 40 of the Plaintiffs' complaint and therefore deny those allegations.

41. Defendants are without sufficient information to admit or deny the allegations in paragraph 41 of the Plaintiffs' complaint and therefore deny those allegations.

42. Defendants are without sufficient information to admit or deny the allegations in paragraph 42 of the Plaintiffs' complaint and therefore deny those allegations.

43. Defendants admit the allegations in paragraph 43 of the Plaintiffs' complaint.

44. In response to paragraph 44 of the Plaintiffs' complaint, Defendants admit that the USMLE is designed to determine whether a medical school graduate has the fund of knowledge and information necessary to practice medicine; however, Defendants deny that this is the only purpose of the USMLE.

45. Defendants deny the allegations in paragraph 45 of the Plaintiffs' complaint.

46. Defendants are without sufficient information to admit or deny the allegations in paragraph 46 of the Plaintiffs' complaint and therefore deny those allegations.

47. Defendants are without sufficient information to admit or deny the allegations in paragraph 47 of the Plaintiffs' complaint and therefore deny those allegations.

48. Defendants are without sufficient information to admit or deny the allegations in paragraph 48 of the Plaintiffs' complaint and therefore deny those allegations.

49. Defendants admit the allegations in paragraph 49 of the Plaintiffs' complaint.

50. Defendants admit the allegations in paragraph 50 of the Plaintiffs' complaint.

51. Defendants admit the allegations in paragraph 51 of the Plaintiffs' complaint.

52. Defendants deny the allegations in paragraph 52 of the Plaintiffs' complaint.

53. Defendants admit the allegations in paragraph 53 of the Plaintiffs' complaint.

54. In response to paragraph 54 of the Plaintiffs' complaint, Defendants state that Regulation No. 3 speaks for itself, and to the extent Plaintiffs' characterization of Regulation No. 3 differs from the regulation's text, Defendants deny the allegations in paragraph 54 of the complaint.

55. Defendants admit the allegations in paragraph 55 of the Plaintiffs' complaint.

56. In response to paragraph 56 of the Plaintiffs' complaint, Defendants admit that the Board is required to comply with the requirements of Regulation No. 3 in deciding which schools will be placed on the list of "disapproved medical schools." Defendants deny the remaining allegations in paragraph 56 of the Plaintiffs' complaint.

57. In response to paragraph 57 of the Plaintiffs' complaint, Defendants admit that in 2008, the Board published a list of "disapproved medical schools" and that AUA was included on that list. Defendants deny the remaining allegations in paragraph 57 of the Plaintiffs' complaint.

58. In response to paragraph 58 of the Plaintiffs' complaint, Defendants admit that defendant Joseph M. Beck, M.D., is a member of the Board. Defendants further admit that an article published in the *Arkansas Democrat-Gazette* purported to quote Dr. Beck as describing the list of disapproved schools as helping the Board to "weed out" inadequate doctors and prevent them from practicing in Arkansas. Defendants deny the remaining allegations in paragraph 58 of the Plaintiffs' complaint.

59. Defendants admit the allegations in paragraph 59 of the Plaintiffs' complaint.

60. Defendants deny the allegations in paragraph 60 of the Plaintiffs' complaint.

61. Defendants deny the allegations in paragraph 61 of the Plaintiffs' complaint.

62. Defendants deny the allegations in paragraph 62 of the Plaintiffs' complaint.

63. Defendants are without sufficient information to admit or deny the allegations in paragraph 63 of the Plaintiffs' complaint and therefore deny those allegations.

64. Defendants are without sufficient information to admit or deny the allegations in paragraph 64 of the Plaintiffs' complaint and therefore deny those allegations.

65. Defendants deny the allegations in paragraph 65 of the Plaintiffs' complaint.

66. Defendants deny the allegations in paragraph 66 of the Plaintiffs' complaint.

67. Defendants are without sufficient information to admit or deny the allegations in paragraph 67 of the Plaintiffs' complaint and therefore deny those allegations.

68. Defendants are without sufficient information to admit or deny the allegations in paragraph 68 of the Plaintiffs' complaint and therefore deny those allegations.

69. Defendants are without sufficient information to admit or deny the allegations in paragraph 69 of the Plaintiffs' complaint and therefore deny those allegations.

70. Defendants deny the allegations in paragraph 70 of the Plaintiffs' complaint.

71. Defendants deny the allegations in paragraph 71 of the Plaintiffs' complaint.

72. Defendants are without sufficient information to admit or deny the allegations in paragraph 72 of the Plaintiffs' complaint and therefore deny those allegations.

73. Defendants are without sufficient information to admit or deny the allegations in paragraph 73 of the Plaintiffs' complaint and therefore deny those allegations.

74. Defendants are without sufficient information to admit or deny the allegations in paragraph 74 of the Plaintiffs' complaint and therefore deny those allegations.

75. Defendants are without sufficient information to admit or deny the allegations in paragraph 75 of the Plaintiffs' complaint and therefore deny those allegations.

76. Defendants deny the allegations in paragraph 76 of the Plaintiffs' complaint.

77. Defendants deny the allegations in paragraph 77 of the Plaintiffs' complaint.

78. Defendants deny the allegations in paragraph 78 of the Plaintiffs' complaint.

79. Defendants are without sufficient information to admit or deny the allegations in paragraph 79 of the Plaintiffs' complaint and therefore deny those allegations.

80. Defendants are without sufficient information to admit or deny the allegations in paragraph 80 of the Plaintiffs' complaint and therefore deny those allegations.

81. Defendants are without sufficient information to admit or deny the allegations in paragraph 81 of the Plaintiffs' complaint and therefore deny those allegations.

82. Defendants deny the allegations in paragraph 82 of the Plaintiffs' complaint.

83. Defendants deny the allegations in paragraph 83 of the Plaintiffs' complaint, including all subparts.

84. Defendants deny the allegations in paragraph 84 of the Plaintiffs' complaint.

85. Defendants deny the allegations in paragraph 85 of the Plaintiffs' complaint.

86. Defendants deny the allegations in paragraph 86 of the Plaintiffs' complaint.

87. In response to paragraph 87 of the Plaintiffs' complaint, Defendants state that Cal. Code Regs. tit. 16, § 1314.1 speaks for itself, and to the extent Plaintiffs' characterization of that regulation disagrees with its text, Defendants deny those allegations.

88. In response to paragraph 88 of the Plaintiffs' complaint, Defendants state that California's regulations speak for themselves, and to the extent Plaintiffs'

characterization of those regulations disagrees with the regulations' text, Defendants deny those allegations.

89. Defendants deny the allegations in paragraph 89 of the Plaintiffs' complaint.

90. Defendants are without sufficient information to admit or deny the allegations in paragraph 90 of the Plaintiffs' complaint and therefore deny those allegations.

91. Defendants are without sufficient information to admit or deny the allegations in paragraph 91 of the Plaintiffs' complaint and therefore deny those allegations.

92. Defendants deny the allegations in paragraph 92 of the Plaintiffs' complaint.

93. Defendants deny the allegations in paragraph 93 of the Plaintiffs' complaint.

94. In response to paragraph 94 of the Plaintiffs' complaint, Defendants admit that the Board has not itself established or authorized a procedure whereby a foreign medical school might seek the Board's approval.  Defendants deny the remaining allegations in paragraph 94 of the Plaintiffs' complaint.

95. Defendants deny the allegations in paragraph 95 of the Plaintiffs' complaint.

96. Defendants deny the allegations in paragraph 96 of the Plaintiffs' complaint.

97. Defendants deny the allegations in paragraph 97 of the Plaintiffs' complaint.

98. Defendants are without sufficient information to admit or deny the allegations in paragraph 98 of the Plaintiffs' complaint and therefore deny those allegations.

99. Defendants deny the allegations in paragraph 99 of the Plaintiffs' complaint.

100. Defendants deny the allegations in paragraph 100 of the Plaintiffs' complaint.

101. Defendants deny the allegations in paragraph 101 of the Plaintiffs' complaint.

102. Defendants admit the allegations in paragraph 102 of the Plaintiffs' complaint.

103. Defendants deny the allegations in paragraph 103 of the Plaintiffs' complaint, including all of its subparts, including all of its subparts.

104. Defendants deny the allegations in paragraph 104 of the Plaintiffs' complaint.

105. In response to paragraph 105 of the Plaintiffs' complaint, Defendants acknowledge that Plaintiffs have filed a lawsuit against them; however, Defendants deny that they are liable to Plaintiffs in any way and further deny that Plaintiffs are entitled to any relief whatsoever. Defendants deny the remaining allegations in paragraph 105 of the Plaintiffs' complaint.

106. Defendants deny the allegations in paragraph 106 of the Plaintiffs' complaint.

107. Defendants admit that the Board included AUA on its list of "disapproved medical schools," which Defendants state was done in accordance with Regulation No. 3. Defendants deny that they have made any false statement about AUA. Defendants deny the remaining allegations in paragraph 107 of the Plaintiffs' complaint.

108. Defendants deny the allegations in paragraph 108 of the Plaintiffs' complaint.

109. Defendants deny the allegations in paragraph 109 of the Plaintiffs' complaint.

110. Defendants deny the allegations in paragraph 110 of the Plaintiffs' complaint.

111. Defendants deny the allegations in paragraph 111 of the Plaintiffs' complaint.

112. Defendants deny the allegations in paragraph 112 of the Plaintiffs' complaint.

113. Defendants deny the allegations in paragraph 113 of the Plaintiffs' complaint.

114. In response to paragraph 114 of the Plaintiffs' complaint, Defendants deny that Plaintiffs are entitled to injunctive relief or any other type of relief whatsoever.

115. In response to paragraph 115 of the Plaintiffs' complaint, Defendants deny that Plaintiffs are entitled to injunctive relief or any other type of relief whatsoever. Defendants deny the remaining allegations in paragraph 115 of the Plaintiffs' complaint, including all of its subparts.

116. Defendants deny the allegations in paragraph 116 of the Plaintiffs' complaint.

117. In response to paragraph 117 of the Plaintiffs' complaint, Defendants deny that Plaintiffs are entitled to declaratory judgment or any other type of relief whatsoever. Defendants deny the remaining allegations in paragraph 117 of the Plaintiffs' complaint, including all of its subparts.

118. Defendants deny the allegations in paragraph 118 of the Plaintiffs' complaint.

119.   Defendants deny that Plaintiffs are entitled to any of the relief requested in Section VI of their complaint or any other type of relief whatsoever.

120.   Defendants deny all allegations in Plaintiffs' complaint not specifically admitted in this answer.

121.   Defendants deny that they are liable to the Plaintiffs in any way.

122.   Defendants state that none of the Plaintiffs has standing to bring this lawsuit.

123.   Defendants state that this Court lacks subject matter jurisdiction over Plaintiffs' complaint and respectfully requests that the Court dismiss this case pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

124.   Defendants state that even if they might have otherwise had standing to bring this lawsuit, Plaintiffs' procedural due process claim is not ripe.

125.   Defendants state that the Board and all of the official capacity defendants are entitled to sovereign immunity with respect to all of Plaintiffs' claims for damages.

126.   Defendants state that the individual capacity defendants are all entitled to qualified immunity with respect to Plaintiffs' federal claims for damages.

127.   Defendants state that, pursuant to Ark. Code Ann. § 17-80-103, the individual capacity defendants are all entitled to statutory immunity respect to Plaintiffs' defamation claims.

128.   Defendants, other than the Board and Trent Pierce, M.D., state that process and service of process are insufficient and accordingly move to dismiss

pursuant to Rules 12(b)(2), 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.

129.     Defendants state the Plaintiffs have failed to state a claim upon which relief can be granted and accordingly move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

WHEREFORE, the Defendants pray that the Court dismisses the Plaintiffs' complaint and grants the Defendants all other proper relief, including their costs.

          Respectfully Submitted,

          DUSTIN McDANIEL,
          Attorney General


By:   /s/ Mark N. Ohrenberger
      Mark N. Ohrenberger, ABN 2005151
      Assistant Attorney General
      Arkansas Office of Attorney General
      323 Center Street, Suite 200
      Little Rock, AR  72201-2610
      Telephone: (501) 682-3665
      Facsimile:  (501) 682-2591
      mark.ohrenberger@arkansasag.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I, Mark N. Ohrenberger, Assistant Attorney General, hereby certify that on this 18th day of May, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to any CM/ECF participants:

Ms. Debra K. Brown                    Mr. John Peyton Perkins, III
Email: dbrown@shultslaw.com         Email: jperkins@shultslaw.com

Mr. Steven T. Shults
Email: sshults@shultslaw.com

      I, Mark N. Ohrenberger, Assistant Attorney General, do hereby certify that on this 18th day of May, 2009, I mailed the document by United States Postal Service to the following non CM/ECF participants:

Mr. Leonard A. Scalfani
Attorney at Law
2 Wall Street, Ste. 500
New York, NY 10005

                                                              /s/ Mark N. Ohrenberger
                                                              Mark N. Ohrenberger