IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA                                              PLAINTIFFS
COLLEGE OF MEDICINE, et al.

v.                                    4:09-CV-306 SWW

ARKANSAS STATE MEDICAL
BOARD, et al.                                                               DEFENDANTS

## JOINT RULE 26(f) REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Rule 26.1 of the Rules for the United States District Court for the Eastern and Western Districts of Arkansas, plaintiffs and defendants submit the following for their Joint Rule 26(f) Report:

1. **Any change in timing, form, or requirement of mandatory disclosures under Fed.R.Civ.P. 26(a).**

   Pursuant to Fed. R. Civ. P. 26(a)(1)(C), the parties have stipulated that initial disclosures may be made by September 25, 2009.  Otherwise, the parties do not propose any change in the form or requirement of mandatory disclosures under Fed. R. Civ. P. 26(a).

2. **Date when mandatory disclosures were or will be made.**

   The parties have agreed to serve their initial disclosures on one another no later than Friday, September 25, 2009.

3. **Subjects on which discovery may be needed.**

   The plaintiffs incorporate the defendants' list of anticipated discovery topics, and in addition, anticipate conducting discovery on the following subjects:
   - All evidence concerning what the defendants relied on to determine the Board's list of unapproved medical schools, how that determination was made, when that determination was made, and by whom.
   - All evidence concerning what information defendants' possessed regarding American University of Antigua College of Medicine at the time they developed their list of unapproved medical schools.

1

- The nature and substance of any evidence the defendants intend to introduce at trial, including lay and expert witness testimony, documentary evidence, and any non-documentary physical evidence.
- Further, discovery has just commenced in this action, and plaintiffs reserve the right to seek all discovery in this matter permissible under the Federal Rules of Civil Procedure

The defendants plan to conduct discovery concerning the following issues:
- Any evidence supporting the plaintiffs' allegations of collusion or conspiracy between the ASMB, its members, the AMA, the AAMC and/or the LCME; (*See* Compl. ¶¶ 7, 82-83)
- Any evidence supporting the plaintiffs' allegations that the AMA, AAMC and/or the LCME has allegedly restricted the number of medical schools permitted to exist in the United States and the number of students who are granted placement in those schools; (*See* Compl. ¶ 80)
- Any evidence that the AMA, AAMC and/or the LCME has acted out of a motivation to "protect their monopolistic power base in the world medical community" by striving to "preclude or limit competition from Americans who do not graduate from schools under their aegis" and to "preserve the critical shortage of medical professionals in the United States so as to drive up the price for medical services for those doctors who are graduates of schools under the LCME's (and, therefore, the AMA's and AAMC's) aegis." (*See* Compl. ¶ 81)
- Any evidence supporting the plaintiffs' allegation that the defendants violated ASMB Regulation 3 and any evidence that the defendants intentionally violated ASMB Regulation 3 and/or made determinations as to which schools would be included on the "Disapproved Medical Schools" list "based solely upon whether the school had been approved by the California State Medical Board"; (*See* Compl. ¶ 85)
- Any evidence of AUA's alleged pre-litigation demand that the defendants remove AUA's name from the ASMB list of "Disapproved Medical Schools" and any evidence of the defendants' alleged refusal to remove AUA from that list; (*See* Compl. ¶ 71)
- Any evidence of AUA's pre-litigation efforts to obtain approval from the ASMB; (*See* Compl. ¶ 71)
- Any evidence of plaintiffs Cheruku and Patel's efforts to secure a residency position in the State of Arkansas and in other states; (*See* Compl. ¶ 46-47)
- General biographical and educational information concerning the individual plaintiffs, as well as biographical and statistical information concerning AUA;
- Any evidence supporting plaintiffs AUA, Cheruku and Patel's defamation claims, such as the identification and evidence of all allegedly defamatory statements, the identification of any witnesses to the alleged defamatory statements, any evidence of injury to the plaintiffs' reputations or other

2

    allegedly resultant harm to the plaintiffs following the alleged defamatory statements, and any evidence of causation; (*See* Compl. ¶¶ 106-111)

- The amount of the plaintiffs' claimed damages and the method by which the plaintiffs calculated their claimed damages; (*See* Compl. ¶¶ 106-111) and
- The nature and substance of any evidence the plaintiffs intend to introduce at trial, including lay and expert witness testimony, documentary evidence, and any non-documentary physical evidence.

**Each party reserves the right to object to any discovery request of any other party.**

**4. Whether any party will likely be requested to disclose or produce information from electronic or computer-based media.**

The parties do anticipate requesting the disclosure or production of information from one another from electronic or computer-based media.

 **(a)** **Whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business.**

 Yes.

 **(b)** **The anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business.**

 Not applicable.

 **(c)** **The format and media agreed to by the parties for the production of such data as well as agreed procedures for such production.**

 The parties have agreed to produce such data in .pdf or .tif format either by email, or on a CD, DVD, or flash drive.

 **(d)** **Whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.**

 Yes.

 **(e)** **Other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.**

 None.

5.  **Date by which discovery should be completed.**

    Friday, April 30, 2009.

6.  **Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.**

    The parties jointly request that the Court enter an order reflecting the following changes in the limitations imposed by the Federal Rules of Civil Procedure:
    - That the permissible number of interrogatories be increased to thirty-five per side; and
    - That the permissible number of depositions be increased to twenty-five per side.

    The parties also anticipate conducting additional discovery from third-parties, but the parties do not anticipate needing any changes in the limitations imposed by the Federal Rules of Civil Procedure in connection with third-party discovery.

7.  **Any Orders, e.g., protective orders, which should be entered.**

    At present, the parties do not see a need for the entry of a protective order. However, as discovery progresses, the parties foresee the possibility that protective orders might become necessary for the following purposes:
    - To prohibit further disclosure of personal and scholastic information concerning the individual named plaintiffs that might be produced to the defendants in discovery;
    - To protect from disclosure certain personal and scholastic information about AUA students other than the named individual plaintiffs;
    - To protect from disclosure certain personal or licensing information about ASMB licensees;
    - To prohibit further disclosure of personal or licensing information about ASMB licensees that might be produced to the plaintiffs in discovery.

    In stating these possibilities, the parties are not stating a position as to whether the information described above is or is not discoverable. Rather, the parties merely wish to bring these issues to the Court's attention as discovery issues upon which the parties will try to resolve any disagreements that might arise, but which they reasonably foresee as possibly requiring a protective order or other Court intervention.

8.  **Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.**

    No.

9.  **Any objections to the proposed trial date.**

Proposed Trial Date on Initial Scheduling Order (D.E. No. 9) is November 23, 2009.  The parties believe this date will not allow sufficient time to complete discovery and prepare the case for trial.  The parties request a trial date at the Court's earliest convenience on or after August 2, 2010.

**10.    Proposed deadline for joining other parties and amending the pleadings.**

Friday, February 26, 2010.

**11.    Proposed deadline for completing discovery.**

Friday, April 30, 2010.

**12.    Proposed deadline for filing motions.**

Friday, May 28, 2010 (except motions in limine).

Respectfully Submitted,

LEONARD A. SCLAFANI, P.C.
2 Wall Street – 5th Floor
New York, New York 10005
(212) 696-9880

AND

SHULTS LAW FIRM
200 West Capitol Ave., Suite 1600
Little Rock, Arkansas 72201-3637
(501) 375-2301

By:    /s/ Steven Shults
Steven Shults
Ark. Bar No. 78139

John P. Perkins, III
Ark. Bar No. 2005252

*Attorneys for Plaintiffs*

AND

                                        DUSTIN McDANIEL,
                                        Attorney General

By:   /s/ Mark N. Ohrenberger
       Mark N. Ohrenberger, ABN 2005151
       Assistant Attorney General
       Arkansas Office of Attorney General
       323 Center Street, Suite 200
       Little Rock, Arkansas  72201-2610
       Telephone: (501) 682-3665
       Facsimile:  (501) 682-2591
       mark.ohrenberger@arkansasag.gov

*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I, Mark N. Ohrenberger, Assistant Attorney General, hereby certify that on this 10th day of September, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to any CM/ECF participants:

Ms. Debra K. Brown
Email: dbrown@shultslaw.com

Mr. John Peyton Perkins, III
Email: jperkins@shultslaw.com

Mr. Steven T. Shults
Email: sshults@shultslaw.com

I, Mark N. Ohrenberger, Assistant Attorney General, do hereby certify that on this 10th day of September, 2009, I mailed the document by United States Postal Service to the following non CM/ECF participants:

Mr. Leonard A. Scalfani
Attorney at Law
2 Wall Street, Ste. 500
New York, NY 10005

                                        /s/ Mark N. Ohrenberger
                                        Mark N. Ohrenberger