## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**AMERICAN UNIVERSITY OF ANTIGUA**      **PLAINTIFFS**
**COLLEGE OF MEDICINE;**
**SHREEKANTH CHERUKU;**
**ANJAN PATEL;**
**AMBER MILWARD; and**
**JUSTIN T. HARNEY**

   **v.**      **No. 4:09-CV-306 (SWW)**

**ARKANSAS STATE MEDICAL BOARD;**     **DEFENDANTS**
**TRENT P. PIERCE, M.D.;**
**JOSEPH M. BECK, II, M.D.;**
**BOBBY E. COGBURN, M.D.;**
**ANNE BRITTON;**
**OMAR T. ATIQ, M.D.;**
**JIM C. CITTY, M.D.;**
**WILLIAM F. DUDDING, M.D.;**
**ROGER HARMON, P.D.;**
**PATTY K. PETTWAY, D.O.;**
**DOUGLAS F. SMART, M.D.;**
**JOHN B. WEISS, M.D.; and**
**HAROLD B. BETTON, M.D.**

## FIRST AMENDED COMPLAINT

   Plaintiffs, American University of Antigua College of Medicine ("AUA"), individually and on behalf of current and former students, and Shreekanth Cheruku, Anjan Patel, Amber Milward, and Justin T. Harney complaining of defendants, the Arkansas State Medical Board ("ASMB"), Trent P. Pierce, M.D., Joseph M. Beck, II, M.D., Bobby E. Cogburn, M.D., Anne Britton, Omar T. Atiq, M.D., Jim C. Citty, M.D., William F. Dudding, M.D., Roger Harmon, P.D., Patty K. Pettway, D.O., Douglas F. Smart, M.D., John B. Weiss, M.D., and Harold B. Betton, M.D. (collectively, the "Individual Board Members"), both in their individual and official capacities, allege as follows:

# I. __INTRODUCTION__

1.      Defendants are charged under the Arkansas Medical Practices Act, ARK. CODE ANN. §§ 17-95-201 to -412, with determining who shall be awarded a license to practice medicine in the State of Arkansas, and with establishing rules and regulations supplemental to the Arkansas Medical Practices Act in furtherance of those responsibilities.

2.      Defendants enacted "Regulation No. 3"-"Unrestricted Licensure for Graduates of Foreign Medical Schools" ("Regulation No. 3"), which purports to set forth both the requirements and criteria that a graduate of a foreign medical school must meet for licensure, and the criteria upon which a foreign medical school will be included on the defendants' list of "disapproved medical schools."   A graduate of a foreign medical school on defendants' "disapproved medical school" list "will not be considered for licensure by the Arkansas State Medical Board."

3.      Defendants, ASMB and the Individual Board Members, have failed in their duties under the Arkansas Medical Practices Act in that, in collusion with the Liaison Committee on Medical Education ("LCME") and its two sponsoring bodies, the American Medical Association ("AMA") and the American Association of Medical Colleges ("AAMC"), they have engaged in a course of conduct of unlawfully, willfully and intentionally ignoring the applicable law and their own rules in favor of damaging and discriminating against AUA and other medical schools located in the Caribbean region because the student bodies of those schools are predominantly American, and therefore, provide the source of the greatest economic competition to graduates of United States medical schools.

4.      The LCME is sponsored by, and is essentially controlled by, the AAMC and the AMA.

5.     The LCME, through the AAMC and the AMA, has a history that spans several decades of wrongfully limiting and restricting the number of medical schools in the United States and the number of seats for students in those schools in order to create and maintain an ever growing critical shortage of medical doctors in the United States, thereby driving up the cost of medical care and services so as to enrich the fortunate few doctors who graduate from schools under the LCME's aegis.

6.     Plaintiff AUA was founded in reaction to these practices and policies of the LCME, the AAMC, and the AMA, so that qualified Americans would be able to pursue their dreams of becoming doctors and of practicing their chosen professions in their home country, and in the process, competing for those positions and opportunities that have historically been reserved for graduates of United States medical schools.

7.     Defendants have included AUA on their list of "disapproved medical schools" since 2008, in direct contravention of their own Regulation No. 3 and in furtherance of their collusive efforts to arbitrarily exclude graduates of medical schools located in the Caribbean region, and AUA in particular, from becoming licensed to practice medicine in Arkansas and to discriminate against the Americans who attend and graduate from those schools.

8.     AUA does not and has never met any of the criteria for inclusion on the list of "disapproved medical schools."

9.     Further, defendants have no other information that would lead a state medical board to include AUA on its list of "disapproved medical schools."  Indeed, defendants have not conducted any investigation, nor relied on any investigation by a sister state medical board, of the credentials, facilities, or faculty of AUA or the competence and fitness of its students.

10.     The results of defendants' actions are the preclusion of all AUA graduates from

obtaining licenses to practice medicine in Arkansas and the deprivation of plaintiffs Shreekanth Cheruku, Anjan Patel, Amber Milward, Justin T. Harney, and AUA's other current and former students' property and liberty interests in the right to practice the profession of their choice and in the right to apply for and to obtain a license to practice medicine in Arkansas without due process of law and without equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution.

11.    In addition, defendants have determined that they will ignore the mandate of Regulation No. 3 and make determinations on whether a foreign medical school is a "disapproved medical school" based essentially on whether a particular school has been approved by the California State Medical Board.

12.    Defendants have done so in direct contravention of their own rules and regulations and in derogation of their duty pursuant to Arkansas statute to determine the qualifications for licensure in Arkansas.

13.    California's criteria and qualifications for including a medical school located outside the United States on its list of "approved medical schools" include regulations that provide for the approval of foreign schools whose students are predominantly not American with little or no scrutiny, while subjecting schools outside the United States whose students and graduates are predominantly American to rigorous scrutiny and significantly more onerous standards for approval.

14.    The result of defendants' list of "disapproved medical schools" and its reliance on the California State Medical Board is to deprive plaintiffs Shreekanth Cheruku, Anjan Patel, Amber Milward, Justin T. Harney, and AUA's other current and former students of the right to practice the professions of their choice and in the right to apply for and to obtain a license to

practice medicine in Arkansas without due process of law and without equal protection of the laws, based on their national origin as Americans, in violation of the Fourteenth Amendment to the United States Constitution.

15.   Plaintiffs Shreekanth Cheruku, Anjan Patel, Amber Milward, Justin T. Harney, and AUA on behalf of its current and former students bring this action under 42 U.S.C. § 1983 for defendants' willful, intentional, continuing, and ongoing violations of the Fourteenth Amendment to the United States Constitution under color of state law.

16.   In addition, by their conduct in including AUA on their published list of "disapproved medical schools," and other statements regarding disapproved medical schools, defendants have defamed AUA and plaintiffs Shreekanth Cheruku and Anjan Patel in order to impede AUA's successful operation, to discourage qualified Americans from applying to and enrolling in AUA's medical doctorate program, and in order to reduce plaintiffs Cheruku and Patel's ability to obtain employment as medical doctors in the United States and in Arkansas.

17.   By these claims, as more fully set forth below, plaintiffs seek injunctive relief, a declaratory judgment, compensatory damages, attorneys' fees, expenses, and costs.

## II. PARTIES, JURISDICTION, AND VENUE

18.   AUA is an institution of higher education chartered by the government of Antigua to own and operate a medical school and a school of nursing.  AUA is authorized under its charter to award medical doctorate ("M.D.") degrees.

19.   AUA maintains its principal campus and principal offices at West Campus, Friar's Hill Road, St. John's, Antigua, W.I.

20.   Plaintiff Shreekanth Cheruku is a citizen of the United States and a resident of the State of New York, maintaining his principal residence at 3-37 Cresthaven Lane, Whitestone,

New York.

21.    Plaintiff Anjan Patel is a citizen of the United States and a resident of the State of New Jersey, maintaining his principal residence at 591 Norfolk Avenue, Pennsville, New Jersey.

22.    Plaintiff Amber Milward is a citizen of the United States and a resident of the State of Arkansas, maintaining her principal residence at 2710 Pleasant Lane, Bentonville, Arkansas.

23.    Plaintiff Justin T. Harney is a citizen of the United States and a resident of the State of Arkansas, maintaining his principal residence at 106 Woodbury Court, Crossett, Arkansas.

24.    Plaintiffs Shreekanth Cheruku on October 24, 2008, and Anjan Patel on April 15, 2009, successfully completed their course of studies at AUA, and were awarded M.D. degrees by AUA.

25.    Plaintiffs Amber Milward and Justin T. Harney are currently enrolled students in the medical doctorate program at AUA, who intend, upon graduation, to return to Arkansas to practice medicine.

26.    Defendant Arkansas State Medical Board was established by the General Assembly of the State of Arkansas as a regulatory board authorized and empowered to license persons to practice medicine in the State of Arkansas.

27.    Defendant ASMB maintains its principal offices at 2100 Riverfront Drive, Little Rock, Arkansas, and can be served with service of process through its chairman, Trent P. Pierce, M.D.

28.    Plaintiffs are suing each and every Individual Board Member in both his or her individual and official capacities.

29.    This court has subject matter jurisdiction under 28 U.S.C. § 1331 because plaintiffs' claims arise under the United States Constitution and/or the laws of the United States,

including the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

30.    This Court also has subject matter jurisdiction under 28 U.S.C. § 1343(a)(3) and (4) because plaintiffs seek redress for deprivation of rights, privileges and immunities secured to them by the Fourteenth Amendment to the United States Constitution and by 42 U.S.C. §§ 1983 and 1988, occasioned under color of State law, namely the Arkansas Medical Practices Act, ARK. CODE ANN. §§ 17-95-201 to -412, and the regulations promulgated under the Act.

31.    In addition, this Court has supplemental jurisdiction over plaintiffs' defamation claim and defendants' improper delegation of its duties under the Arkansas Medical Practices Act, which arise under the laws of the State of Arkansas, under 28 U.S.C. § 1367 because those claims arise out of a common nucleus of operative facts with plaintiffs' federal constitutional claims and are so related to plaintiffs' federal constitutional claims that they form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

32.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1)-(2) because defendants reside within the district and a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this district.

### III.  <u>FACTUAL BACKGROUND</u>

#### <u>Introduction</u>

33.    AUA was founded in 2004 by world-class American physicians and professionals in the field of medical education.  The University was subsequently acquired by Manipal University, a highly respected, privately owned university chartered by the government of India.

34.    AUA provides a comprehensive, modern education for students who aspire to become highly skilled, compassionate physicians and nurses.

35.     AUA is numbered among only a handful of international medical schools that have been approved by the State of New York for clinical clerkships and residencies at New York state-approved hospitals.

36.     While primarily dedicated to teaching medicine and nursing, AUA directs significant resources to continuing research in areas that directly impact human health.   In concert with the Ministry of Health of Antigua and Barbuda, faculty and students of AUA have conducted, and are conducting, research aimed at helping the local population to improve its standards of health and living conditions.

37.     AUA's Center for Tropical Diseases has conducted numerous research projects that have contributed significantly to the improvement of health of the local citizens and of the Caribbean region in general.

38.     AUA is listed among those medical schools recognized by the World Health Organization.

39.     The vast majority of AUA's students are American citizens who plan to practice medicine and/or nursing in the United States.

40.     Plaintiffs Shreekanth Cheruku and Anjan Patel are American citizens and residents who plan to practice, and/or who are currently practicing, medicine in resident training programs in the United States.

41.     AUA's program of education is designed to insure that its students meet the necessary requirements for medical and nursing licensure in the United States.   Its curriculum provides for an education similar to the education offered at the finest medical and nursing schools in the United States.   AUA prepares its students to achieve passing scores on the United States Medical Licensing Examination ("USMLE") and provides clinical clerkship opportunities

for its students at some of the finest teaching hospitals in the United States.

42.    Plaintiffs Shreekanth Cheruku and Anjan Patel sat for and passed all "steps" of the USMLE.

43.    The USMLE is an examination that graduates of medical schools, regardless of their location, must pass in order to obtain licensure in any of the fifty States of the Union.

44.    The test is designed to determine whether a medical school graduate has the fund of knowledge and information necessary to practice medicine.

45.    In addition, plaintiffs Shreekanth Cheruku and Anjan Patel are otherwise qualified for a license to practice medicine in Arkansas.

46.    However, plaintiffs Shreekanth Cheruku, and Anjan Patel were denied the opportunity for a residency position at the University of Arkansas Hospital.  In order to perform the duties of a resident physician in Arkansas, plaintiffs were required to possess a license to practice medicine in this State.

47.    Plaintiffs Shreekanth Cheruku and Anjan Patel were informed by the hospital that they would not be considered for a position solely because they had earned their M.D. degrees from a "Disapproved Medical School" and, therefore, would be denied the requisite license by defendants.

48.    Plaintiffs Amber Milward and Justin T. Harney are current students enrolled in AUA's medical doctorate program, who intend, upon graduation, to return to Arkansas to practice medicine.  They will be prevented from doing so by defendants' actions.

## ASMB's Failure to Follow Its Own Regulations for Graduates of Foreign Medical Schools

49.    The Arkansas Medical Practices Act, ARK. CODE ANN § 17-95-303(1), imposes upon defendants the power and duty to make, adopt, enact, and publish all rules and regulations

not inconsistent with the laws of the State of Arkansas or of the United States and necessary or convenient to perform the duties and to transact the business required of them by law.

50.   Defendant ASMB has been charged by the State of Arkansas with determining who shall be awarded a license to practice medicine in this State and also with establishing and publishing rules and regulations supplemental to the Arkansas Medical Practices Act consistent with the United States Constitution and other laws which set forth the criteria and qualifications for the award of such licenses.

51.   Among the duties of the ASMB is the duty to examine, "as is provided for by law," all applicants for license to practice medicine in this State.

52.   The Arkansas Medical Practices Act, ARK. CODE ANN. § 17-95-403(3)(A)(iii)(a), also provides that a graduate from, "A foreign medical school whose entrance requirements and course of instruction have been approved by the board" may be licensed to practice medicine in Arkansas.

53.   Defendants did make, adopt, enact and publish Regulation No. 3 under which defendants purported to set forth the requirements, criteria and qualifications that a graduate of a foreign medical school must satisfy in order to be granted an unrestricted license to practice medicine in the State of Arkansas.

54.   Regulation No. 3 provides, in pertinent part, that a graduate of a foreign medical school may obtain an unrestricted medical license, provided the applicant did not graduate from a "disapproved" school, "that is medical schools that the Board deems is [sic] unacceptable and, thus, students graduating from those schools will not be considered for licensure by the Arkansas State Medical Board."

55.   Pursuant to Regulation No. 3, a "disapproved medical school" is one that a majority

of Individual Board Member defendants deem "unacceptable" based upon, but not limited to, the following:

    a)       Information compiled by the staff of defendant Arkansas State Medical Board concerning the foreign medical school, its curriculum and facilities.

    b)       Information compiled by other medical boards of the various States based on site visits to the foreign medical school.

    c)       Information from at least two (2) sister State Medical Licensure Boards that reflects that a Foreign Medical School has not been approved or recognized as a medical school needed for a licensure of physicians or for other requirements of that Board.

    d)       Those foreign medical schools whose curriculum and primary requirements are Internet Based and/or Distance Learning shall further be considered as disapproved.

56.    Based upon defendants' own Regulation No. 3, the Arkansas Medical Practices Act and other applicable law, before placing any foreign medical school on their published list of "Disapproved Medical Schools," defendants are required to make due investigation, examination and determination that the foreign medical school does not satisfy the above criteria, or other criteria, provided that such criteria would not result in an unreasonable restraint or violation of a foreign medical school graduate's constitutional right to practice his or her chosen profession within this State.

57.    In 2008, defendants published a list of "Disapproved Medical Schools," which included AUA.

58.    Individual Board Member Joseph M. Beck, M.D. was quoted in the *Arkansas*

*Democrat-Gazette* describing the list of disapproved schools as helping the board "weed out" inadequate doctors and prevent them from practicing in Arkansas. *See* Carolyne Park, *State to List "Disapproved" Caribbean Medical Schools*, ARK. DEMOCRAT-GAZETTE, June 7, 2008, at A1.

59.    Similarly, Individual Board Member Anne Britton was quoted in the *Arkansas Democrat-Gazette* as saying, with regard to describing questionable foreign medical schools, "I just think that there are some schools out there that are sucking these kids in and taking their money, [a]nd they're being deceived as far as I'm concerned." *See* Nell Smith, *UAMS Residents' State Medical Licenses on Hold*, ARK. DEMOCRAT-GAZETTE, November 12, 2007, at A4.

60.    Defendants have continued to publish that list ever since.

61.    At no time have defendants had any rational, reasonable, good faith or lawful basis for including AUA on their published list of "Disapproved Medical Schools."

62.    Defendants have included AUA on their published list of "Disapproved Medical Schools" notwithstanding that none of the staff of ASMB, or any of the defendants, has compiled any information concerning AUA, its curriculum, its faculty, its facilities or its students' competence and fitness to practice medicine other than: (a) AUA is privately owned; (b) its principal campus is located in the Caribbean; and (c) its student body consists primarily of Americans who plan to practice medicine in the United States upon graduation.

63.    Also, defendants included AUA on their published list of "Disapproved Medical Schools" notwithstanding that they have considered no information compiled by any other medical board of any state, based on site visits to AUA, and/or concerning AUA, as their own Regulation No. 3 requires.

64.     The only state that has conducted a site visit to AUA is the State of New York, which did so in connection with AUA's application to that state seeking authority for its students to participate in clinical rotations at hospitals, clinics and other medical teaching facilities in that state.

65.     After a thorough and detailed investigation into AUA, its curriculum, its faculty, its facilities and the quality of the medical education that it offers, the State of New York granted AUA's application.

66.     In their determination to include AUA on the list of "Disapproved Medical Schools," defendants should have been aware that the State of New York had granted AUA's application for its students to participate in clinical rotations in that state upon its exhaustive investigation and site visits to AUA.

67.     In addition, defendants included AUA on their list of "Disapproved Medical Schools" notwithstanding that they have no information from any "sister State Medical Licensure Board that reflects that AUA has not been approved or recognized as a medical school needed for licensure of physicians…," as their own Regulations No. 3 requires.

68.     At no time has any sister state ever denied an application made by AUA seeking recognition of AUA as an approved medical school.

69.     At no time has any state ever made a determination, based upon a site visit or consideration of any other aspect of AUA, its curriculum, its faculty, its facilities, its students, the quality of the medical education that it provides its students, or the competence or ability of its students to practice medicine, that AUA's graduates are unqualified to receive, or should be barred from receiving, licenses to practice medicine.

70.     Further, no part of AUA's curriculum or primary requirements is internet based

and/or involves distance learning.

71.    In its determination to include AUA on the published list of "Disapproved Medical Schools," defendants have no other information that would lead a state medical board, acting reasonably and in good faith, and free from undue prejudice or ill intent, to make a determination to include AUA on a published list of "Disapproved Medical Schools" or to bar graduates of AUA who otherwise satisfy their criteria for obtaining licenses to practice medicine from obtaining such licenses because their medical doctorate degrees were issued by AUA.

72.    Plaintiff AUA has made demand on defendants to remove AUA's name from defendants' list of "Disapproved Medical Schools;" however, defendants have affirmatively refused that demand.

## Defendants Collusion with the LCME, AMA and AAMC

73.    There are several thousand medical schools located in countries outside the United States and Canada.

74.    However, only a miniscule percentage of those schools draw their students predominantly from the United States and have student bodies and graduates who are predominantly of American origin.

75.    AUA's student body, at any given time, has been overwhelmingly from the United States and of American origin.

76.    As for the small percentage of foreign medical schools whose student bodies and graduates are predominantly of American origin, most, like AUA, are located in the Caribbean region principally because of the proximity to the United States.

77.    Moreover, none of the medical schools located outside of the United States with the exception of AUA and other Caribbean based schools, offers any real challenge and competition

for positions, opportunities, and patients to doctors in America who have graduated from schools in the United States.

78.   Medical schools in the United States are under the oversight of the LCME and its two sponsoring bodies, the AMA and the AAMC.

79.   All of the Individual Board Members who are doctors are members of the AMA.

80.   The AMA and the AAMC, through their exercise of dominion and control over the LCME, sanction and govern the very existence of medical schools located in the United States and how many places are available for students in those schools.

81.   The AMA and the AAMC, acting through the LCME, for decades, have restricted the number of medical schools permitted to exist in the United States and the number of students who are granted places in those schools, even as the population of the United States and the need for medical doctors to service that population have, over those decades, increased tremendously.

82.   These organizations do so under the guise of protecting the quality of the practice of medicine in the United States; however, their real purpose in doing so is to preserve and protect their monopolistic power base in the world medical community; to preclude or limit competition from Americans who do not graduate from schools under their aegis; and to preserve the critical shortage of medical professionals in the United States so as to drive up the price for medical services for those doctors who are graduates of schools under the LCME's (and, therefore, the AMA's and the AAMC's) aegis.

83.   Consistent with the LCME, the AAMC, and the AMA's described policies and practices, and in collusion with those entities and policies, defendants' published list of "Disapproved Medical Schools" contains medical schools whose principal campuses are located in the Caribbean region and/or whose student bodies and graduates are predominantly from the

United States.

84.   The purposes, policies, motives and intent of defendants in naming and publishing their list of "Disapproved Medical Schools" whose student bodies and graduates are primarily Americans, and in particular AUA, were:

a)      To impede the success of AUA and of its graduates;

b)      To discourage Americans who wish and plan to become medical doctors and to practice medicine in the United States, but have not been successful in securing one of the limited number of places in the limited number of medical schools located in the United States, from enrolling in Caribbean based medical schools, and in AUA in particular; and

c)      To ensure that those Americans who, nevertheless, obtain an M.D. degree from a school other than one located in the United States and under the aegis of the LCME, and from AUA in particular, are prevented from practicing their chosen profession in the United States, in general, and the State of Arkansas in particular, and from competing with graduates of medical schools located in the United States, and in Arkansas in particular, for medical professional positions and patients.

85.   By their described policies and practices, defendants are engaging in a pattern, practice and course of conduct of intentionally damaging and injuring AUA and of discriminating against AUA's graduates, the majority of whom are Americans.

**Improper Delegation of Duty and Reliance on the California State Medical Board**

86.   Some time in the summer of 2008, defendants decided that, for the purpose of determining whether medical schools were "disapproved," they would ignore the mandates and

16

requirements of "Regulation No. 3" and, instead, would make such determinations based solely upon whether the school had been approved by the California State Medical Board.

87.    In an *Arkansas Democrat-Gazette* article regarding the ASMB's decision to follow the California State Medical Board's list of "approved" schools in making the ASMB's "disapproved" list, chairman and Individual Board Member Trent P. Pierce, M.D., stated, "We don't need to reinvent the wheel."   *See* Carolyne Park, *State to List "Disapproved" Caribbean Medical Schools*, ARK. DEMOCRAT-GAZETTE, June 7, 2008, at A1.

88.    Pursuant to CAL. CODE REGS. tit. 16, § 1314.1, medical schools located outside the United States or Canada, whose student bodies are predominantly not American, are deemed to be automatically "approved" for the purposes of the grant of licenses to practice medicine in California.

89.    However, under the same regulations, medical schools located outside the United States, whose student bodies are primarily comprised of Americans, including AUA, must submit to intense, time consuming and costly evaluation and investigation, and must satisfy numerous, difficult, arbitrary and non-objective requirements before the California State Medical Board will deem such schools "approved" for the purposes of awarding licenses to their graduates.

90.    There is no rational or legitimate basis for the California State Medical Board's regulation.

91.    The actual purpose, policy, plan and intent of the regulation is in furtherance of the LCME, the AAMC, and the AMA's policies described above and to permit the grant of licenses to graduates of schools who will provide little competition to California doctors who graduate from LCME-controlled schools.

92.    AUA has been neither "approved" nor "disapproved" by the California State Medical Board.

93.    The ASMB has listed AUA as a "disapproved" medical school in violation of its own regulations, in derogation of its statutory responsibilities under the Arkansas Medical Practices Act, and in deprivation of AUA's students' and plaintiffs Shreekanth Cheruku, Anjan Patel, Amber Milward and Justin T. Harney's constitutional rights to practice their professions free from unreasonable restraint or interference.

### Failure to Provide Approval Process

94.    Pursuant to the Arkansas Medical Practices Act, ARK. CODE ANN. §§ 17-95-201 to -412, only medical schools whose principal campuses are located outside of the United States or Canada require approval by defendant ASMB in order for their graduates to obtain licenses to practice medicine in Arkansas.  Medical schools whose campuses are located in the United States or Canada require no approval by ASMB in order for their graduates to receive Arkansas medical licenses.

95.    Notwithstanding the foregoing, neither the Arkansas Medical Practices Act nor defendants, through the powers and duties invested and imposed upon them under the Act, have developed, enacted, published or authorized a means or procedure for any foreign medical school, or for AUA, to make application to defendant ASMB for its "approval."

96.    This failure is in contravention and in deprivation of AUA's students' and plaintiffs Shreekanth Cheruku, Anjan Patel, Amber Milward and Justin T. Harney's, constitutional rights.

### IV. ASSOCIATIONAL STANDING OF AUA

97.    AUA has standing to assert the constitutional rights of its students that are not present in this lawsuit.

98.   First, the students themselves have standing to assert their own constitutional rights.

99.   Second, the interests AUA seeks to protect are germane to the organization's purpose.  Indeed, the school's survival, its successful operation, and its ability to obtain qualified Americans to attend and enroll in its medical doctorate program depend on protecting its students' constitutional rights.

100.   Finally, neither the claim asserted nor the relief requested, requires the participation of the individual students in this lawsuit.  AUA seeks only declaratory and injunctive relief regarding the deprivation of its students' constitutional rights, and therefore, the participation of the individual students is not needed where those claims and relief are requested.

101.   Therefore, AUA has standing to assert the constitutional rights of its students who are not present in this lawsuit.

## V.  CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983)

102.   By their conduct described above, defendants have unlawfully deprived plaintiffs Shreekanth Cheruku, Anjan Patel, Amber Milward, Justin T. Harney and AUA's other current and former students of property and liberty interests without due process of law and denied plaintiffs equal protection under color of state law in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

103.   Defendants have acted in listing AUA as a "disapproved" medical school under color of State law, namely the Arkansas Medical Practices Act, ARK. CODE ANN. §§ 17-95-201 to -412, and the regulations promulgated under the Act.

104.   The conduct of defendants, as described above, has deprived plaintiffs Shreekanth

Cheruku, Anjan Patel, Amber Milward, and Justin T. Harney and AUA's other current and former students of property and liberty interests in the right to practice the profession of their choice and in the right to apply for and obtain a license to practice medicine in Arkansas.  The deprivation of these property and liberty interests is a violation of the Fourteenth Amendment to the United States Constitution in the following separate ways:

    a.    The inclusion of AUA on defendants' list of "disapproved" medical schools is in direct contravention of defendants' own regulations; is an improper reliance on the California State Medical Board; has no rational basis; bars applicants for a license to practice medicine, who are otherwise qualified, based on arbitrary and capricious decisions of the ASMB; and is a deprivation of plaintiffs' property and liberty interests without due process of law.

    b.    The inclusion of AUA on defendants' list of "disapproved" medical schools is a violation of plaintiffs' property and liberty interests without due process.  The defendants' have failed to perform any investigation, examination or determination regarding whether AUA satisfies the criteria set forth in the defendants' own regulation.   Instead, defendants have listed AUA as a "disapproved" school without any investigation, in reliance solely on the California State Medical Board, and in direct contravention of defendants' own regulations.  In addition, defendants have failed to provide a mechanism for a medical school to be taken off the "disapproved" list.  The failure to follow their own regulations and the failure to provide a mechanism to become an approved school is a violation of plaintiffs' procedural due process rights, given the nature of plaintiffs' interests, the severe risk of erroneous deprivation of that interest, and

the slight burden on defendants to follow their own regulation and/or to enact an approval process.

c.  The actions of defendants also unlawfully deprive plaintiffs of equal protection under the laws and discriminate against plaintiffs on the basis of national origin. Plaintiffs are citizens of the United States and are discriminated against based on that national origin, in that defendants treat similarly situated graduates of medical schools differently, based on whether they are United States or non-United States citizens.  Graduates of foreign medical schools with predominately non-United States citizens as their student bodies are not covered by defendants' list of "disapproved" medical schools, and are thus permitted to apply for and obtain licenses to practice medicine in Arkansas.   Plaintiffs Shreekanth Cheruku, Anjan Patel, Amber Milward, Justin T. Harney, and AUA's other current and former students, as United States citizens, who graduated, or will graduate, from a foreign medical school with predominantly United States citizens as its student body, are covered by defendants' list of "disapproved" medical schools and are denied the ability to obtain a medical license in Arkansas.   Further, defendants rely on the California State Medical Board regarding which schools to "disapprove."  The State of California's rules and regulations provide for approval of foreign schools whose students predominantly have national origins other than American with little or no scrutiny involved, while subjecting schools outside of the United States whose students and graduates are predominantly American to rigorous scrutiny and significantly more onerous standards for approval.

105.  By their actions and failures to act, defendants, ASMB and its Individual Board

Members, have willfully and intentionally discriminated against plaintiffs and violated their constitutional rights secured by the Fourteenth Amendment to the United States Constitution.

106.   By this action, as more fully set forth below, plaintiffs Shreekanth Cheruku, Anjan Patel, Amber Milward, Justin T. Harney, and AUA on behalf of other current and former students, seek redress from defendants' wrongful actions in the form of a declaratory judgment, injunctive relief, attorneys' fees, expenses, and costs, and on behalf of plaintiffs Shreekanth Cheruku and Anjan Patel, compensatory damages for the reduction in their ability to obtain employment as medical doctors in the United States and in Arkansas..

### SECOND CLAIM FOR RELIEF
**(Defamation)**

107.   By their conduct described above, defendants have defamed AUA and plaintiffs Shreekanth Cheruku and Anjan Patel.

108.   In particular, by including AUA as a "Disapproved Medical School," defendants listed and published that AUA did not meet the requirements of Regulation No. 3 of the ASMB, which is false, and made statements regarding "disapproved" medical schools on ASMB's list which were false.

109.   In addition, Individual Board Member Joseph M. Beck, M.D.'s statement published in the *Arkansas Democrat-Gazette* describing the list of disapproved schools as helping the board "weed out" inadequate doctors was false.

110.   Similarly, Individual Board Member Anne Britton's statement published in the *Arkansas Democrat-Gazette* describing questionable foreign medical schools as "sucking these kids in and taking their money, [a]nd they're being deceived as far as I'm concerned" was false and necessarily identified AUA, a school the ASMB found to be "disapproved."

111.   Those statements were defamatory.

112.  Defendants acted with negligence in failing to determine the truth of those statements prior to their publication and/or with knowledge that the statements were false.

113.  Further, defendants did not act without malice and in the reasonable belief that their actions were warranted by the facts known to them after a reasonable effort was made to obtain the facts.  As previously described, defendants made no investigation, did not rely on any investigation, and had no reasonable or good faith basis to list AUA as a "disapproved medical school" or to make their statements regarding "disapproved medical schools."

114.  The publications of these statements were a proximate cause of damages to AUA by decreasing its ability to obtain qualified Americans to attend and enroll in its medical doctorate program, and thus threatened the school's survival and its successful operation. Further, the publications were a proximate cause of damages to plaintiffs Shreekanth Cheruku and Anjan Patel by reducing their ability to obtain employment as medical doctors in the United States and in Arkansas.

### THIRD CLAIM FOR RELIEF
**(Injunction)**

115.  From the conduct of defendants described above, for the violation of plaintiffs' constitutional rights, and for the improper delegation of their statutory duty, plaintiffs Shreekanth Cheruku, Anjan Patel, Amber Milward, Justin T. Harney and AUA's other current and former students are entitled to injunctive relief.

116.  By including AUA as a "disapproved" medical school, defendants have caused, and continue to cause, plaintiffs to suffer irreparable harm.

117.  Further, plaintiffs have no adequate remedy at law.

118.  Therefore, plaintiffs are entitled to a permanent injunction against defendants:

a.  enjoining and restraining defendants from listing AUA as a "disapproved" medical school without proper investigation under, or adherence to, Regulation No. 3 of the Arkansas State Medical Board;

b.  enjoining and restraining defendants from listing AUA as a "disapproved" medical school on an irrational, capricious or arbitrary basis;

c.  enjoining and restraining defendants from listing AUA as a "disapproved" medical school based on the national origin of its student body;

d.  enjoining and restraining defendants from listing AUA as a "disapproved" medical school without providing a mechanism for AUA to be taken off the "disapproved" list, or providing AUA's graduates with a mechanism to become licensed;

e.  enjoining and restraining defendants from delegating their statutory duty under the Arkansas Medical Practices Act to determine who shall be awarded a license to practice medicine in this State; and

f.  enjoining and restraining defendants from denying plaintiffs Shreekanth Cheruku, Anjan Patel, Amber Milward, Justin T. Harney and AUA's other current and former students licenses to practice medicine in the State of Arkansas based solely on the listing of AUA as a "disapproved" medical school.

## FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment under 28 U.S.C. § 2201)

119.  From the conduct of defendants described above, plaintiffs Shreekanth Cheruku, Anjan Patel, Amber Milward, Justin T. Harney and AUA's other current and former students are entitled to a declaratory judgment.

120.  This matter is an actual controversy within the jurisdiction of this Court.  Under 28 U.S.C. § 2201, plaintiffs are entitled to a declaratory judgment that:

a.      AUA is not a "disapproved" medical school based on a proper investigation under or adherence to Regulation No. 3 of the Arkansas State Medical Board;

b.      AUA is not a "disapproved" medical school based on a rational or reasoned basis;

c.      AUA is listed as a "disapproved" medical school unlawfully based on the national origin of its student body;

d.      the AMSB must provide a mechanism for AUA to be taken off the "disapproved" medical school list, or provide a mechanism for its graduates to become licensed;

e.      defendants cannot delegate their statutory duty under the Arkansas Medical Practices Act to determine who shall be awarded a license to practice medicine in this State; and

f.      defendants may not deny plaintiffs Shreekanth Cheruku, Anjan Patel, Amber Milward, Justin T. Harney and AUA's other current and former students licenses to practice medicine in the State of Arkansas based solely on the listing of AUA as a "disapproved" medical school.

## FIFTH CLAIM FOR RELIEF
### (42 U.S.C. § 1988)

121. Based on defendants' violations of plaintiffs' constitutionally protected rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, plaintiffs are entitled to their reasonable attorneys' fees and expenses as part of their costs.

## VI.  PRAYER FOR RELIEF

WHEREFORE, plaintiffs American University of Antigua College of Medicine, Shreekanth Cheruku, Anjan Patel, Amber Milward, and Justin T. Harney pray that the Court:

1.   Grant judgment in favor of plaintiffs against defendants;

2.   Enter a permanent injunction against defendants, enjoining and restraining them from listing AUA as a "disapproved" medical school without proper investigation under, or adherence to, Regulation No. 3 of the Arkansas State Medical Board, enjoining and restraining defendants from listing AUA as a "disapproved" medical school on an irrational, capricious or arbitrary basis, enjoining and restraining defendants from listing AUA as a "disapproved" medical school based on the national origin of its student body, enjoining and restraining defendants from listing AUA as a "disapproved" medical school without providing a mechanism for AUA to be taken off the "disapproved" list or providing AUA's graduates with a mechanism to become licensed, enjoining and restraining defendants from delegating their statutory duty under the Arkansas Medical Practices Act to determine who shall be awarded a license to practice medicine in this State, and enjoining and restraining defendants from denying plaintiffs Shreekanth Cheruku, Anjan Patel, Amber Milward, Justin T. Harney and AUA's other current and former students licenses to practice medicine in the State of Arkansas based solely on the listing of AUA as a "disapproved" medical school;

3.   Enter a declaratory judgment that AUA is not a "disapproved" medical school based on a proper investigation under, or adherence to, Regulation No. 3 of the Arkansas State Medical Board, declaring that AUA is not a "disapproved" medical school based on a rational or reasoned basis, declaring that AUA is listed as a "disapproved" medical school unlawfully, based on the national origin of its student body, declaring that the AMSB must provide a mechanism for AUA

to be taken off the "disapproved" medical school list or provide a mechanism for its graduates to become licensed, declaring that defendants cannot delegate their statutory duty under the Arkansas Medical Practices Act to determine who shall be awarded a license to practice medicine in this State, and declaring that defendants cannot deny plaintiffs Shreekanth Cheruku, Anjan Patel, Amber Milward, Justin T. Harney and AUA's other current and former students licenses to practice medicine in the State of Arkansas based solely on the listing of AUA as a "disapproved" medical school.

4.   Award plaintiffs all compensatory damages to which they are entitled, including but not limited to:

a.   Plaintiff AUA's lost profits from the decrease in its ability to obtain qualified Americans to attend and enroll in its medical doctorate program; and

b.   Plaintiffs Shreekanth Cheruku and Anjan Patel lost profits and loss of earning capacity suffered by the reduction in their ability to obtain employment as medical doctors in the United States and in Arkansas;

5.   Award plaintiffs their attorneys' fees, expenses, and costs; and

6.   Grant plaintiffs all other proper relief.

DATED:  March 18, 2010.

LEONARD A. SCLAFANI, P.C.
2 Wall Street – 5th Floor
New York, New York 10005
(212) 696-9880

By:   /s/ Leonard A. Sclafani_____
          Leonard A. Sclafani

SHULTS, BROWN & PERKINS, LLP
200 West Capitol Avenue, Suite 1600
Little Rock, AR 72201-3637
(501) 375-2301

By:   \_\_\_/s/ John Perkins_____
      John Perkins
      Ark. Bar No. 2005252

      Debra K. Brown
      Ark. Bar No. 80068

      Steven Shults
      Ark. Bar No. 78139

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on March 18, 2010, I electronically filed the First Amended Complaint with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Mark N. Ohrenberger
Arkansas Office of Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201-2610
Mark.ohrenberger@arkansasag.gov

By:   \_/s/ John Perkins_____
      John Perkins