IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA                                    PLAINTIFFS
COLLEGE OF MEDICINE; ET AL.

v.                        No. 4:09-CV-306 (SWW)

ARKANSAS STATE MEDICAL BOARD; ET AL.                              DEFENDANTS

### AGREED MOTION FOR ENTRY OF PROTECTIVE ORDER

Plaintiffs, American University of Antigua College of Medicine, Shreekanth Cheruku, Anjan Patel, Amber Milward, and Justin T. Harney, move the Court to enter the Agreed Protective Order attached to this motion as Exhibit A. In support of their motion, plaintiffs state:

1. Plaintiffs have issued several document subpoenas to non-parties in accordance with Federal Rule of Civil Procedure 45.

2. One such non-party, the Federation of State Medical Boards of the United States, Inc. ("FSMB"), objected to the production of certain documents on the basis that they contained confidential proprietary information.

3. In order to facilitate the production of those documents, plaintiffs, FSMB and the defendants have agreed to the entry of the Agreed Protective Order attached to this motion as Exhibit A.

4. Pursuant to Federal Rule of Civil Procedure 26(c)(1)(G), a court may issue a protective order to govern the disclosure of confidential information for good cause.

5. Plaintiffs, FSMB, and defendants agree that good cause exists for the entry of the attached protective order to protect against the disclosure of any confidential information that will be produced by FSMB in accordance with the subpoena.

WHEREFORE, plaintiffs pray that the Court grant this motion and enter the Agreed Protective Order attached to this motion as Exhibit A.

DATED: April 9, 2010.

        Leonard A. Sclafani
        LEONARD A. SCLAFANI, P.C.
        2 Wall Street – 5th Floor
        New York, New York 10005
        (212) 696-9880

        SHULTS, BROWN & PERKINS, LLP
        200 West Capitol Avenue, Suite 1600
        Little Rock, AR 72201-3637
        (501) 375-2301

        By: /s/ John Perkins
            John Perkins
            Ark. Bar No. 2005252

            Debra K. Brown
            Ark. Bar No. 80068

            Steven Shults
            Ark. Bar No. 78139

        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on April 9, 2010, I electronically filed this Agreed Motion for Entry of Protective Order with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Mark N. Ohrenberger
Arkansas Office of Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201-2610
Mark.ohrenberger@arkansasag.gov

        By: /s/ John Perkins
            John Perkins

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA                              PLAINTIFFS
COLLEGE OF MEDICINE; ET AL.


v.                          No. 4:09-CV-306 (SWW)

ARKANSAS STATE MEDICAL BOARD; ET AL.                         DEFENDANTS

## AGREED PROTECTIVE ORDER

It appearing that certain portions of the subpoena to the Federation of State Medical Boards ("FSMB") require the disclosure of confidential information; and it further appearing that such confidential information should be given the protection of an order of this Court to prevent injury to and invasion of the confidential information of FSMB by reason of any disclosure not otherwise necessitated by the parties' lawful interests in this litigation, pursuant to Federal Rule of Civil Procedure 26(c), upon the joint motion of Plaintiffs, Defendants, and FSMB, this Court, having been duly advised, finds that there is good cause for the entry of this Order and hereby ORDERS:

1.      FSMB, and any party or non-party in possession of documents created or produced by or for FSMB, may designate any such documents, including, but not limited to, deposition transcripts, containing confidential or proprietary information, as CONFIDENTIAL, which designation shall be made by labeling or stamping the documents as "CONFIDENTIAL" prior to their production, or otherwise indicating that the documents or information are CONFIDENTIAL.

2.      Any documents or information designated as CONFIDENTIAL may be inquired about in any deposition of any deponent whose deposition has been noticed in this action,

EXHIBIT A

provided that the deponent first agree in writing to be bound by the terms of this Agreed Protective Order using the form or a substantially similar form as that attached to this Order as Exhibit A. Any portion of the deposition in which CONFIDENTIAL documents or information are inquired about will be deemed CONFIDENTIAL, the pages shall be marked "CONFIDENTIAL", and the deposition pages that concern CONFIDENTIAL information or documents will be subject to the restrictions of this Order.

3. Documents and information designated as CONFIDENTIAL shall be treated as CONFIDENTIAL as provided in this Order and shall not be produced, disclosed, disseminated, or provided to any person, party, or entity, except:

(a) counsel for the parties, including in-house counsel, and their respective associates, clerks, legal assistants, secretaries, and other law firm personnel;

(b) the parties and their employees, former employees, and representatives having reason to see such in connection with the lawsuit;

(c) any expert or consultant engaged by a party for the purpose of assisting in the preparation of this litigation who agrees in writing to be bound by the terms of this Agreed Protective Order using the form or a substantially similar form as that attached to this Order as Exhibit A;

(d) any person who was involved in the preparation of the document or information or who received a copy or disclosure thereof prior to the filing of this action;

(e) the Court, the jury, and court personnel, court reporters, videographers, persons engaged to make copies, computer support organizations, and such persons who assist in computer document repositories or prepare demonstrative trial exhibits;

  (f) any deponent whose deposition has been noticed in this action and any witness at a hearing or trial;

  (g) any other person, entity, or firm with the prior written consent of FSMB; and

  (h) pursuant to legal process such as a subpoena or other court order; provided, however, that before disclosing CONFIDENTIAL information the party who is subject to the legal process must give FSMB reasonable notice and opportunity to intervene in the court proceeding to seek to protect the CONFIDENTIAL information.

4. Except as otherwise provided in paragraph 3, any non-party may obtain access to documents or information designated as CONFIDENTIAL only after agreeing in writing to be bound by the terms of this Agreed Protective Order using the form or a substantially similar form as that attached to this Order as Exhibit A.

5. Any person or party who shall obtain access to documents or information designated as CONFIDENTIAL shall use such documents only in connection with the prosecution or defense of this action and for no other purpose whatsoever.

6. All future discovery in this case entailing or enclosing FSMB designated CONFIDENTIAL documents and information shall similarly be subject to this Order.

7. In the event a CONFIDENTIAL document or a pleading containing CONFIDENTIAL information is filed with this Court, such document or pleading shall be filed under seal in accordance with the Local Rules of this Court.

8. The following procedures shall apply to any disputes arising from the designation of documents by FSMB as CONFIDENTIAL:

      (a)    If a party in good faith disagrees with FSMB's CONFIDENTIAL designation, that party shall inform FSMB in writing of that disagreement;

      (b)    Upon written notification, the parties shall confer in good faith in an effort to resolve the dispute without Court intervention;

      (c)    If the dispute is not resolved with fourteen (14) days of FSMB's receipt of the objecting party's written notification, the objecting party may seek relief from this Court;

      (d)    FSMB may appear by phone at the hearing of any such dispute;

      (e)    Until such time as any such judicial process has been initiated and resolved, all parties and non-parties receiving documents designated CONFIDENTIAL shall abide by the designation.

9.    Within sixty (60) days after the entry of final judgment in this litigation (including resolution of appeals or petitions for review), the parties shall, upon written request, either (1) return the CONFIDENTIAL documents and *all* copies thereof, including CONFIDENTIAL documents marked as deposition exhibits, contained in pleadings or other documents filed as part of the Court's record, or otherwise, to counsel for FSMB; or (2) destroy all such documents and certify the destruction to counsel for FSMB. Notwithstanding the foregoing provision of this paragraph, counsel of record for the parties may retain a copy of any CONFIDENTIAL documents or information to the extent necessary to preserve a file with respect to this lawsuit. Counsel of record for the parties agree to abide by the provisions of this Order and continue to maintain the confidentiality of any CONFIDENTIAL documents and information they retain after the termination of this litigation.

10. Nothing herein shall affect FSMB's right to seek additional protection against disclosure of its CONFIDENTIAL documents or information.

Signed and entered this _____ day of _____, 2010.

_____
UNITED STATES DISTRICT JUDGE

**AGREED TO:**


/s/ Daron L. Janis
Paul Schuster
  Texas Bar No. 00784931
Daron L. Janis
  Texas Bar No. 24060015
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201
(214) 740-8000 – Telephone
(214) 740-8800 – Facsimile
***Counsel for the Federation of State Medical Boards***



/s/ John Perkins
Leonard A. Sclafani
LEONARD A. SCLAFANI, P.C.
2 Wall Street, Suite 500
New York, New York 10005
(212) 696-9880 – Telephone

Steven Shults
  Ark. Bar No. 78139
Debra K. Brown
  Ark. Bar No. 80068
John Perkins
  Ark. Bar No. 2005252
SHULTS, BROWN & PERKINS, LLP
200 West Capitol Avenue, Suite 1600
Little Rock, Arkansas 72201-3637
(501) 375-2301 – Telephone
(501) 375-6861 – Facsimile
***Counsel for Plaintiffs***



/s/ Mark Nicholas Ohrenberger
Mark Nicholas Ohrenberger
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, Arkansas  72201-2610
(501) 682-3665 – Telephone
(501) 682-2591 – Facsimile
***Counsel for Defendants***