## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA
COLLEGE OF MEDICINE, *et al.*                                    PLAINTIFFS

v.                                    4:09CV00306 DPM

ARKANSAS STATE MEDICAL BOARD, *et al.*                          DEFENDANTS

### AMENDED FINAL SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b), the Court orders:

**1.  Trial Date**

This case is scheduled for BENCH TRIAL before Judge D. P. Marshall Jr. starting at 9:30 a.m. sometime during the week of **20 JUNE 2011** in **LITTLE ROCK, ARKANSAS**.

**2.  Discovery**

The parties should complete discovery no later than **11 MARCH 2011**.  The parties may conduct discovery beyond this date if all parties agree to do so; but the Court will not resolve any disputes in the course of this extended discovery. All discovery requests and related motions must be filed sufficiently in advance of the discovery cutoff to allow for a timely response.  Witnesses and exhibits not identified in response to appropriate discovery may not be used at trial except in extraordinary circumstances.  The Court will not grant a continuance because a party does not have time in which to depose a witness, expert or otherwise.

Plaintiffs shall produce all expert witnesses and their opinions by **11 JANUARY 2011**.  Defendants shall produce all expert witnesses and their opinions by **10 FEBRUARY 2011**.

A discovery motion must not be filed until counsel have made a good faith effort to resolve the discovery dispute.  Responses to discovery motions should be filed as soon as practicable.  A conference will be scheduled to resolve these disputes if the Court deems it necessary.

**3.  Amended Pleadings**

Leave to add parties or otherwise amend pleadings in any other way must be sought no later than **26 FEBRUARY 2010**.

**4.  Status Report**

The parties must each file a status report with the Clerk by **28 MARCH 2011.**  The report must include the date and results of any settlement conference, the settlement prospects, and the estimated length of trial.

**5.  Settlement Conference**

Judge Beth Deere will conduct a settlement conference at her convenience sometime during the month of January 2011.

**6. Motions**

*Daubert* motions and all other motions, except motions *in limine*, must be filed on or before **22 MARCH 2011**.  Motions *in limine* must be filed by **9 MAY 2011**.  Any motion submitted after the applicable deadline may be denied solely on that ground.

Motions for summary judgment must comply with Federal Rule of Civil Procedure 56 and Local Rules 7.2 and 56.1.

Without seeking leave of the Court, any moving party may file a reply within seven days after the response to any motion is filed.

The Court will hear oral argument on dispositive motions and *Daubert* motions on **5 MAY 2011**.

**7.  Pretrial Disclosure Sheet**

The parties must file simultaneous Pretrial Disclosure Sheets according to the outline contained in Local Rule 26.2 with copies to the Courtroom Deputy, Martha Fugate, and opposing counsel by **20 MAY 2011**.  That witnesses and exhibits must be listed on the Pretrial Disclosure Sheet does not relieve a party of the obligation of providing the names of witnesses and exhibits in response to discovery requests.

**8.  Depositions To Be Used At Trial Other Than For Impeachment**

The proffering party must designate the pertinent portions of a deposition to be used as evidence at trial by **31 MAY 2011.**  Counter-designations must be made by **10 JUNE 2011.**  These designations need not be filed with the Court, but should be exchanged by the parties.  Objections to any deposition or videotapes that will be used at trial must be made by written motion indicating the specific objection and its legal basis by **13 JUNE 2011**, with the responses due **17 JUNE 2011**.  Depositions to be read at trial must be marked as exhibits.

**9.  Trial Briefs and Proposed Findings And Conclusions**

Each party shall submit a trial brief to the Court on **20 MAY 2011.**  The brief should summarize the anticipated facts and legal issues, disputed and agreed. The brief should also address any anticipated evidentiary issues.  Each party may submit a responding trial brief on **31 MAY 2011.**  If some or all of the case will be tried to the bench, then each party shall submit Proposed Findings of Fact and Conclusions of Law with the trial brief.

**10.  Jury Instructions and Statement Of The Case**

The parties must confer regarding the proposed instructions in an attempt to narrow areas of disagreement and must submit an AGREED set of instructions on specific issues in the case to the Court by **20 MAY 2011.**  Standard instructions from AMI, Eighth Circuit, or Federal Jury Practice and Instructions (5th Edition), as applicable, should be used whenever possible and should be noted at the end of each instruction.  A party requesting an instruction that cannot be agreed upon must submit that instruction to the Court and opposing counsel, explaining the disagreement, by the same date.  Instructions must be submitted on a CD in WordPerfect format or electronically to *dpmchambers@ared.uscourts.gov*.

The parties should also confer and submit an agreed statement of the case with the jury instructions.  If the parties cannot agree on the statement, then they should submit separate statements to chambers by CD or e-mail.

## 11.  Stipulations

The parties should stipulate in writing to the agreed facts ten days before the trial date.

## 12.  Exhibits

All exhibits must be listed on the enclosed form in numerical sequence.  Exhibits must be made available to all parties and reviewed by counsel before the trial date.  Exhibit lists must be submitted to the Courtroom Deputy thirty minutes before the beginning of trial, noting on the Court's copy exhibits to which there is an objection.  The Court will receive all stipulated exhibits at the beginning of the trial.

## 13.  Conflicts Of Interest

Counsel must check the Court's list of financial interests on file in the U.S. District Clerk's Office to determine whether there is any conflict that might require recusal.  If any party is a subsidiary or affiliate of any company in which the Court has a financial interest, counsel should bring that fact to the Court's attention immediately.

Please communicate with Martha Fugate, Courtroom Deputy, by e-mail at *martha_fugate@ared.uscourts.gov* to check your position on the calendar as the trial date approaches.  In the event of settlement, advise Martha Fugate immediately. The case will not be removed from the trial docket until an order of dismissal has been entered.

> **AT THE DIRECTION OF THE COURT**
> **JAMES W. McCORMACK, CLERK**
>
> **By:  /s/ Martha Fugate**
> **Courtroom Deputy to Judge D. P. Marshall Jr.**
> **3 September 2010**

# MEMORANDUM

TO:        Lawyers

FROM:      Judge Marshall

RE:        Guidelines for Jury Trials

Please keep in mind the following:

1.    In cases where there is a jury demand, twelve jurors will be
      impaneled.  Parties will stipulate to trying the case to conclusion to juries
      surviving down to six jurors.

2.    Be prepared, during the court portion of the voir dire, to stand and call out
      the names of each of your witnesses, as well as your client(s) or
      representative of your party.

3.    Lawyers will be permitted to voir dire the jury with these guidelines:

      a.    Ask questions of the entire panel, unless there is a reasonable
            ground for singling out an individual juror.

      b.    Do not use voir dire to argue the case or commit the jury to your
            theory of the case.

      c.    If you want to challenge a juror during voir dire, request a bench
            conference to make the challenge.

      d.    If there are questions that you would prefer that the Court ask,
            please advise.

      e.    *Batson* challenges: a party whose strike is overruled by *Batson*
            challenge will be given another strike.

4.    Objections and motions in front of the jury should be spare and to the
      legal point.

5.    Speaking objections and sidebar comments are inappropriate.

6.    Please stand when you speak.

7.     Do not "submit" a witness as an expert.  When you think you have
       established a witness's qualifications, start your substantive questions.
       Opposing counsel can object, or ask to take the witness on voir dire
       regarding qualifications.

8.     Jury Instructions:

       a.     Instructions proposed by each party prior to trial, pursuant to the
              Court's Scheduling Order, are considered by the Court in
              formulating the Court's own set of Proposed Instructions, but are
              not considered proffered instructions that become part of the
              record.

       b.     Before the on-the-record instruction conference with me, the law
              clerk assigned to the case may review the Court's proposed set of
              instructions with lawyers for both parties.  Lawyers may relay
              any objections or requests for modifications or additional
              instructions to the law clerk at this time in attempting to work out
              any problems before the final instruction conference.  But lawyers
              are responsible for making objections and proffering any changes
              or additional instructions that they wish to become a part of the
              record during the on-the-record instruction conference.

       c.     In all civil cases, the Court will instruct before arguments.

9.     Stipulate to all exhibits about which there is no dispute and which
       exhibits can be used during opening statements.

10.    Arrange for appearance of witnesses so that it will not be necessary to
       adjourn before 5:00 p.m. for lack of available witnesses.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE MATTER OF ELECTRONIC DEVICES
IN THE COURTHOUSE

APR 1 6 2009

JAMES W. McCORMACK, CLERK

By: _____
OER CLERK

<u>AMENDED GENERAL ORDER NO. 54</u>

IT IS HEREBY ORDERED:

1.      Electronic devices are prohibited in courthouses beyond the security checkpoint
except as allowed by this General Order and Local Rule 83.2.

2.      The prohibition in paragraph 1 does not apply to the possession of electronic
devices by employees and visiting employees of courthouse tenant agencies and contractors
approved by the General Services Administration.

3.      Members of the public may bring into a courthouse cell phones, Blackberries and
PDA type devices that do not have the capacity to take photographs or to make films.  However,
each cell phone, Blackberry or PDA type device must be turned off and put away before a person
carrying it enters into a courtroom and must remain off and remain put away while in the
courtroom.

4.      Lawyers and staff employed by the Department of Justice or the Federal Public
Defender's Office may bring cell phones, laptop computers, Blackberries and PDA type devices
into courthouses whether or not those devices have the capacity to take photographs or make
films.

5.      Upon request, the Court may issue an order authorizing other lawyers, their staff
or support personnel, and law enforcement officers attending a proceeding to bring cell phones,
laptop computers, Blackberries, and PDA type devices into a courthouse while attending the
proceeding whether or not those devices have the capacity to take photographs or films.  An

order authorizing a lawyer, his/her staff or support personnel, or law enforcement officer to bring

an electronic device into a courthouse will identify the person so authorized by name and specify

the date or dates during which permission is granted. That person must then present the order

and a photo I.D. to Court Security Personnel at the security checkpoint. A person who is allowed

an electronic device into a courthouse pursuant to this paragraph, and has subsequent court

hearings within the courthouse on the same day, will be allowed to retain the electronic device

during his or her time at the courthouse.

   6. Active attorneys licensed to practice in Arkansas and the Eastern District of

Arkansas may request issuance of a "Court Technology Permit" by the Clerk of the Court. The

permit card will be effective for two years. The Clerk will issue the permit card to those

attorneys who make written request when paying their biennial assessment. The permit card will

contain the attorney's name, firm, city, state and Arkansas bar number. If an attorney presents a

permit card and a photo identification upon entering the courthouse, he or she will be allowed to

bring cell phones, lap tops, Blackberries and PDA type devices into the courthouse whether or

not those devices have the capacity to take photos or make film. The permit card will be

renewable, upon request, by the Clerk's office upon collection of the $10 biennial assessment. In

the event an attorney's permit is lost, the attorney should notify the Clerk's office as soon as

possible.

   7. A person who brings an electronic device into a courthouse pursuant to

paragraphs 4, 5, and 6 above will be subject to the following rules:

     (a) that person may not record, photograph, or film anyone or anything inside the

      the courthouse;

(b)     cell phones, Blackberries or PDA type devices must be turned off and put away when in courtrooms; and

(c)     wireless internet components of electronic devices must be deactivated when in district courtrooms.

The United States Marshals Service is hereby directed to enforce this General Order. A violation of paragraph 7(a), (b), or (c) may result in seizure of the electronic device, withdrawal of the privilege to bring an electronic device into the courthouse, or other sanctions. A violation of the prohibition on recording, photographing, or filming anyone or anything inside the courthouse may be punished as contempt of court.

8.      Before persons with electronic devices are granted entry into the courthouse, all devices must be examined by the United States Marshals Service or Court Security Personnel. This examination includes, but is not limited to placing the device through electronic screening machines and requiring the person possessing the device to turn the power to the device off and on.

9.      The United States Marshals Service may further restrict electronic devices from entering the building should a threat assessment so dictate.

IT IS SO ORDERED this 16th of April, 2009.

_____
J. LEON HOLMES, CHIEF JUDGE

3

**Local Rule 26.2**
**Outline For Federal Rule of Civil Procedure 26(a)(3)**
**PRETRIAL DISCLOSURE SHEET**

(1)    The identity of the party submitting information.

(2)    The names, address, and telephone numbers of all counsel for the party.

(3)    A brief summary of claims and relief sought.

(4)    Prospects for settlement.

(5)    The basis for jurisdiction and objections to jurisdiction.

(6)    A list of pending motions.

(7)    A concise summary of the facts.

(8)    All proposed stipulations.

(9)    The issues of fact expected to be contested.

(10)   The issues of law expected to be contested.

(11)   A list and brief description of exhibits, documents, charts graphs models,
       schematic diagrams, summaries, and similar objects which may be used in
       opening statement, closing argument, or any other part of the trial,
       whether or not they will be offered in evidence.  Separately designate those
       documents and exhibits which the party *expects* to offer and those which
       the party *may* offer.

(12)   The names, addresses and telephone numbers of witnesses for the party.
       Separately identify witnesses whom the party expects to present and those
       whom the party may call.  Designate witnesses whose testimony is
       expected to be presented via deposition and, if not taken stenographically,
       a transcript of the pertinent portion of the deposition testimony.

**(13)** The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.

**(14)** An estimate of the length of trial and suggestions for expediting disposition of the action.

**(15)** The signature of the attorney.

**(16)** Proof of service.

# United States District Court

DISTRICT OF _____

_____ DIVISION

## EXHIBIT LIST

v.

## CASE NUMBER:

| PRESIDING JUDGE | | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|---|
| TRIAL DATE(S) | | COURT REPORTER | COURTROOM DEPUTY |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

# United States District Court

_____ DISTRICT OF _____
_____ DIVISION

## WITNESS LIST

v.

### CASE NUMBER:

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| TRIAL DATE(S) | COURT REPORTER | COURTROOM DEPUTY |

| DESCRIPTION OF WITNESSES |
|---|
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |